Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN State Bar No. 303069
NICHOLS KASTER, PLLP
fisher@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402

Charles Scalise, TX State Bar No. 24064521
ROSS SCALISE LAW GROUP, P.C.
1104 San Antonia Street
Austin, TX 78701
charles@rosslawpc.com

*Attorneys for Plaintiff and Others Similarly Situated*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Cody Bowlay-Williams, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Google, LLC,<br><br>Defendant. | **Case No. _____**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)**<br><br>**(2) Failure to Pay Overtime Compensation in Violation of California Law (Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))**<br><br>**(3) Failure to Provide Itemized Wage Statements (Lab. Code § 226)**<br><br>**(4) Failure to Pay Earned Wages Upon Discharge, Waiting Time Penalties in Violation of Labor Code §§ 201-203** |

|  | **(5) Violation of California Business and Professions Code § 17200** *et seq.* |
|---|---|
|  | **(6) Breach of Contract** |

## PRELIMINARY STATEMENT

1. This is a putative class and collective action brought by individual and representative Plaintiff Cody Bowlay-Williams ("Plaintiff"), on behalf of himself and the proposed California Class and nationwide FLSA Collective. Plaintiff and the putative class members are or were employed by Defendant Google, LLC ("Defendant") as non-exempt employees eligible for commission or other non-discretionary incentive pay and were denied proper compensation as required by federal and state wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure.

2. The FLSA Collective is made up of all employees Defendant classified as non-exempt/overtime eligible who Defendant paid commissions and/or other incentive pay, such as restricted stock units (also referred to by Defendant as "Google Stock Units" or "GSUs"), who worked for Defendant at any time within three years prior to this action's filing date through the trial of this action (the "Collective Period").

3. The California Class is made up of employees Defendant classified as non-exempt/overtime eligible who Defendant paid commissions and/or other incentive pay, such as restricted stock units (also referred to by Defendant as "GSUs"), who worked for Defendant in the state of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

4. During the Collective Period, Defendant improperly calculated non-exempt employees' regular rate of pay, and therefore failed to pay proper overtime compensation to Plaintiff and each member of the FLSA Collective as required by federal law. Plaintiff seeks relief for himself and for the FLSA Collective under the FLSA to remedy Defendant's failure to pay appropriate overtime compensation.

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

5. During the California Class Period, Defendant improperly calculated non-exempt employees' regular rate of pay, and therefore failed to pay overtime compensation to Plaintiff and each member of the California Class as required by California law. As a result of this failure to pay proper overtime, Defendant failed to pay all wages due at separation. Defendant also failed to provide complete and accurate wage statements. Plaintiff seeks relief for himself and the California Class under California law to remedy Defendant's failure to pay appropriate overtime and premium pay, to promptly pay all wages at the time of separation, and to provide accurate wage statements, in addition to equitable and injunctive relief.

## **THE PARTIES**

6. Plaintiff is an individual residing in California. Defendant employed him as an Account Manager from approximately May of 2019 until approximately August of 2021. Plaintiff worked in Defendant's office in Austin, Texas from approximately May of 2019 to December of 2020 and remotely from his home in San Francisco County, California from approximately January of 2021 to August of 2021.

7. Defendant is a wholly-owned subsidiary of Alphabet, Inc., an American multinational technology conglomerate holding company. It is Alphabet's largest subsidiary and is a holding company for Alphabet's Internet properties and interests. Defendant specializes in Internet-related services and products, which include online advertising technologies, a search engine, cloud computing, software, and hardware.

8. Defendant is a California company, incorporated in California, with its headquarters and principal place of business in Mountain View, California (Santa Clara County).

9. Defendant's gross annual sales made or business done has been $500,000.00 or greater at all times relevant herein. Defendant operates in interstate commerce by performing its services throughout the United States.

## **JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq*. Plaintiff signed a consent form to join this lawsuit, which is attached as Exhibit A. As this case proceeds, it is likely that other individuals

will file consent forms and join as opt-in plaintiffs. This Court also has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Plaintiff worked and resides in San Francisco, California (San Francisco County), and because a substantial part of the events giving rise to the claims occurred in this district. This case is properly assigned to the San Francisco Division of the Northern District.

**FACTUAL ALLEGATIONS**

12. During the applicable statutory period, Plaintiff, the FLSA Collective, and California Class worked as hourly non-exempt employees for Defendant. Defendant employed Plaintiff within the meaning of the FLSA and California law.

13. Plaintiff, the FLSA Collective, and California Class are or were hourly-paid, non-exempt employees eligible for overtime pay. As a part of his compensation, in addition to regular hourly pay, Defendant paid Plaintiff incentive earnings in the form of commissions, which it paid him on a quarterly basis. Defendant also provided Plaintiff with restricted stock units (GSUs). Defendant offered these stocks units as non-discretionary "equity compensation." Upon information and belief, Defendant paid the FLSA Collective and California Class in the form of restricted stock units as well.

14. The FLSA and California law require covered employers, such as Defendant, to compensate all non-exempt employees such as Plaintiff, and others similarly situated, at a rate of not less than 1.5 times their regular rate of pay, for work performed in excess of 40 hours per workweek (state and federal law) and/or eight (8) hours per day (state law).

15. Under state and federal law, an employee's "regular rate" of pay is not limited to an employee's hourly rate. The "regular rate" also includes an hourly rate derived from non-discretionary incentive compensation.

16. For purposes of federal law, the regular rate on non-discretionary incentive compensation is determined by dividing the payment by the total number of hours worked during the period in which that compensation was earned. Overtime is due at one-half that rate for all

overtime hours worked that period. This overtime pay is in addition to the overtime pay based on the employee's hourly rate.

17. For purposes of California state law, the regular rate on additional non-discretionary incentive compensation is determined by dividing the payment by the total number of non-overtime hours worked during the period in which that compensation was earned. Overtime is due at one and one-half times that rate for overtime hours worked (and twice that rate for double-time hours worked). This overtime pay is in addition to the overtime pay based on the employee's hourly rate.

18. Upon information and belief, Defendant paid overtime pay to Plaintiff, the FLSA Collective and the California Class based on employees' hourly rate, without calculating the regular rate based on all non-discretionary incentive pay or GSUs. Because Defendant miscalculated the regular rate, Defendant suffered and permitted Plaintiff, the FLSA Collective, and California Class to work more than 40 hours per week and/or eight (8) hours per day without receiving proper overtime pay.

19. For example, on the paystub with a pay date of February 19, 2021, Defendant paid Plaintiff $103,021.88 in commissions. This commission payment was for commissions earned in the Fourth Quarter (q4) of 2020.  During this same pay quarter, Plaintiff worked 35 hours of overtime.  Defendant also issued Plaintiff a payment of GSUs for the Fourth Quarter. Defendant paid Plaintiff 1.5 times his hourly rate for these overtime hours but did not include any additional overtime pay resulting from the commission and/or stock unit payments.

20. Defendant's policy and practice of failing to include non-discretionary incentive earnings, and/or GSUs, when calculating the regular rate of pay deprived Plaintiff, and others similarly situated, of the proper overtime wages guaranteed by law.

21. Plaintiff and those similarly situated worked in excess of forty (40) hours per week and/or eight (8) hours per day for Defendant on one or more occasions without receiving proper overtime pay.

22. Because Defendant did not pay Plaintiff and other non-exempt employees at the appropriate overtime, Defendant's wage statements did not accurately reflect all rates of pay and

1  did not correctly itemize the hours worked at each rate of pay.

2      23.    Plaintiff's employment with Defendant ended in August of 2021.  However, Defendant failed to pay all wages that were due at that time, including legally required overtime premiums at the appropriate rate.  More than 30 days have passed since the end of Plaintiff's employment, and Defendant still has not paid all wages that are due and owing.

    24.    Defendant's conduct, as set forth in this Complaint, was willful, knowing and intentional, and in bad faith.  Defendant operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

### COLLECTIVE ACTION ALLEGATIONS

    25.    Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are as follows:

    26.    **FLSA Collective:** All employees Defendant classified as non-exempt/overtime eligible who Defendant paid commissions and/or other incentive pay, such as GSUs, who worked for Defendant at any time within three years prior to this action's filing date through trial.

    27.    Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for overtime hours worked.

    28.    Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

### CLASS ACTION ALLEGATIONS

    29.    Plaintiff brings this action on behalf of himself and as a class action on behalf of all similarly situated employees.  The California Class is defined as follows:

    30.    **California Class:**    All employees Defendant classified as non-exempt/overtime

CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

eligible who Defendant paid commissions and/or other incentive pay, such as GSUs, who worked for Defendant in the state of California at any time within four years prior to this action's filing date through the trial.

31. This action is properly brought as a class action pursuant to the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

32. The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are more than fifty (50) class members.

33. This litigation is properly brought as a class action because of the existence of questions of fact and law common to Plaintiff and other members of the class which predominate over any questions affecting only individual members, including:

    a. Whether Defendant is liable to members of the class described above for violations of the applicable labor code provisions;

    b. Whether Defendant improperly calculated the regular rate for purposes of overtime payments to members of the class;

    c. Whether Defendant knowingly and intentionally failed to provide accurate wage statements;

    d. Whether Defendant willfully failed to pay all wages due at termination; and

    e. Whether Defendant engaged in unfair competition.

34. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the class members, since all such claims arise from Defendant's standard policies and practices.

35. Like all class members, Plaintiff was damaged by Defendant's system-wide policies and practices of improperly calculating the regular rate, failing to provide compliant wage statements, and failing to pay all wages due at separation from employment, thus giving rise to legal remedies under the California Labor Code.

36. Plaintiff has no interests antagonistic to the interests of other class members.

37. Plaintiff is committed to the vigorous prosecution of this action and retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is adequate and will fairly and adequately protect the interests of the class.

38. A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

39. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the classes, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents claims under applicable Labor Code provisions of a type that have often been prosecuted on a class wide basis, and the manner of identifying the class members and providing any monetary relief to it can easily be effectuated from a review of Defendant's records.

**INDIVIDUAL ALLEGATIONS**

40. Defendant entered a contract with Plaintiff to compensate him commissions, in addition to his hourly pay, under a Sales Bonus Plan.

41. In the fourth quarter (Q4) of 2020, following the terms of the Bonus Plan, Plaintiff earned approximately $179,000.00 in commissions.

42. However, Defendant did not follow the terms of its agreement with Plaintiff and paid him less than what he was owed. Specifically, Defendant capped Plaintiff's commission earnings at 1,000 percent of his quarterly target goal. As a result, Defendant compensated Plaintiff approximately $103,000.00 in commissions, resulting in a shortage of approximately $76,000.

43. Plaintiff and Defendant entered no agreement that Defendant could cap these earned commissions. As a result, Defendant breached its agreement with Plaintiff and denied Plaintiff the commissions to which he is entitled.

**FIRST CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME UNDER THE FLSA**

29 U.S.C. §§ 201 *et seq.*

(On Behalf of Plaintiff and the FLSA Collective)

44. Plaintiff and the FLSA Collective allege and incorporate by reference the allegations in the preceding paragraphs.

45. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed employees, including Plaintiff and each member of the FLSA Collective.

46. Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

47. The FLSA requires all covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per work week.

48. The regular rate of pay is not limited to hourly pay, but also includes the rate derived from non-discretionary incentive payments and other forms of compensation, including GSUs.

49. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation, at the proper rate, for all hours worked. By miscalculating the regular rate and failing to compensate Plaintiff and the FLSA Collective proper overtime compensation, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of all unpaid overtime compensation owed to himself and the FLSA Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

52. Plaintiff, on behalf of himself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW

Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, 1198

(On Behalf of Plaintiff and the California Class)

53. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

54. At all times relevant to this action, Plaintiff and members of the California Class were employed by Defendant within the meaning of the California Labor Code.

55. By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510, 1194, and 1198.

56. The California Labor Code and relevant Wage Order(s) require employers, such as Defendant, to pay overtime compensation to all non-exempt employees. Overtime must be paid at 1.5 times the employee's regular rate for all hours over 8 in day, 40 in a week, and up to 8 on the seventh consecutive day of work. Overtime must be paid at 2 times the employee's regular rate for all hours over 12 in a day and over 8 on the seventh consecutive day of work.

57. The regular rate of pay is not limited to hourly pay, but also includes the rate derived from non-discretionary incentive payments and other forms of compensation, including restricted stock units.

58. Plaintiff and members of the California Class were non-exempt employees entitled to be paid proper overtime compensation for all overtime hours worked.

59. During the relevant statutory period, Plaintiff and Class Members worked in excess of eight (8) hours in a work day and/or forty (40) hours in a work week for Defendant.

60. During the relevant statutory period, Defendant had a policy and practice of miscalculating the regular rate of pay, thereby failing and refusing to pay proper overtime pay to Plaintiff and members of the California Class for overtime hours worked.

61. As a result of Defendant's failure to pay wages earned and due, Defendant violated the California Labor Code.

62. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

Cal. Labor Code § 226

(On Behalf of Plaintiff and the California Class)

63. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

64. Defendant knowingly and intentionally failed to provide Plaintiff and the California Class with timely, accurate, itemized wage statements showing all items required pursuant to California Labor Code § 226(a), including, but not limited to, the proper rates of pay and hours worked at each rate of pay.

65. Pursuant to Labor Code section 226(e)(2), Plaintiff and members of the California Class suffered injury because, due to Defendant's failure to provide the required information, Plaintiff and California Class could not promptly and easily determine, among other things, their rates of pay and hours worked at each rate of pay.

66. Plaintiff, individually and on behalf of the California Class, are entitled to and do seek injunctive relief requiring Defendant to comply with Labor Code § 226(a) and further seek the amount provided under Labor Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, plus attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

## WAITING TIME PENALTIES

California Labor Code §§ 201-203

(On Behalf of Plaintiff and the California Class)

67. Plaintiffs alleges and incorporate by reference the allegations in the preceding paragraphs.

68. California Labor Code sections 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

69. Plaintiff and other Class Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation, more than 72 hours after the cessation of their employment.

70. Defendant failed to pay the earned and unpaid wages of Plaintiff and Class members within 30 days from the time such wages should have been paid under Labor Code sections 201 and 202.

71. Defendant willfully failed to timely compensate Plaintiff and other Class Members at the proper overtime rate for overtime hours worked. As a result, Defendant is liable to Plaintiff and other Class members whose employment ended within the year prior to the initial filing of this suit for waiting time penalties under California Labor Code section 203.

## FIFTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiff and the California Class)

72. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

73. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

74. Beginning at a date unknown to Plaintiff, at least as long ago as the year 2017, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and Class Members by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and Class Members.

75. Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

   A. California Labor Code §§ 510, 1194, & 1198
   B. California Labor Code § 226
   C. California Labor Code §§ 201–03
   D. IWC Wage Order 4

76. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

77. The harm to Plaintiff and Class Members in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

78. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff is entitled to restitution of the overtime earnings other unpaid wages alleged herein that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## SIXTH CLAIM FOR REIEF

## BREACH OF CONTRACT

(On behalf of Plaintiff)

79. As referenced in the preceding paragraphs, Plaintiff entered into a contract with Defendant to be paid commissions pursuant to the terms of Defendant's Sales Bonus Plan.

80. Defendant breached its contract with Plaintiff when it failed to follow the Sales Bonus Plan's terms. Specifically, in the Fourth Quarter of 2020, Defendant capped Plaintiff's earned commissions without any agreement to do so, thereby denying Plaintiff the full amount of commissions he was due.

81. As a direct and proximate result of Defendant's bad faith and the aforesaid material breach of contract by Defendant, Plaintiff has suffered and continues to suffer damages to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for damages, actual and consequential, and such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant for violation of the overtime provisions of the FLSA;

C. Judgment that Defendant's violations as described above were willful;

D. An award in an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the correct overtime rate;

E. An award to Plaintiff and the FLSA Collective for liquidated damages;

F. An award of reasonable attorneys' fees and costs;

G. An award of prejudgment interest to the extent liquidated damages are not awarded;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, on behalf of himself and the California Class, prays for additional relief as follows:

A. That the Court determine that this action may be maintained as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure.

B. That Plaintiff be designated as the representative of the Rule 23 California Class, and Plaintiff's Counsel be designated as Class Counsel.

C. An award of unpaid overtime wages, other due wages, and injunctive relief, pursuant to California law;

D. Appropriate equitable relief to remedy Defendant's violations of state law;

E. Appropriate statutory penalties;

F. An award of damages and restitution to be paid by Defendant according to proof;

G. Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code §§ 1194 and 226, and Cal. Code of Civil Procedure § 1021.5;

H. That Defendant be further enjoined to cease and desist from the unlawful activities in violation of the state laws cited above;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other equitable relief as the Court may deem just and proper.

Dated: December 22, 2021              **NICHOLS KASTER, LLP**

                                      By:    *s/ Daniel Brome*
                                             Daniel Brome

                                      Attorney for Plaintiff, the Putative FLSA Collective and the Putative California Class