Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN State Bar No. 303069*
NICHOLS KASTER, PLLP
fisher@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 218-6170

Charles Scalise, TX State Bar No. 24064521*
charles@rosslawpc.com
ROSS SCALISE LAW GROUP, P.C.
1104 San Antonio Street
Austin, TX 78701
Telephone: (510) 270-2614
Facsimile: (510) 474-5306

*Admitted *pro hac vice*

*Attorneys Plaintiff and Putative Class and Collective Action Members*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Cody Bowlay-Williams, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Google, LLC,<br><br>Defendant. | **Case No. 4:21-cv-09942-PJH**<br><br>**DECLARATION OF MICHELE FISHER** |

1.     My name is Michele Fisher and I am one of the attorneys for the Class.

2.     In March 2022, the parties exchanged initial disclosures, and Plaintiff served Defendant with discovery requests.  Plaintiff also served Defendant a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

3.     Defendant produced data for all Class Members reflecting information such as: dates of employment; hours worked; compensation paid; the issuance, vesting, and value of restricted stock units; and sign-on bonuses.  Defendant also produced information about its restricted stock option program.  Class Counsel used that data to calculate alleged damages for mediation.

4.     Class Counsel also researched the novel issues that restricted stock options and sign-on bonuses presented and provided the mediator with a lengthy memorandum of legislative history and a detailed legal analysis of their position, which they were prepared to use for a summary judgment filing.  The claims were indeed novel, as Class Counsel has been unable to find case law directly addressing them.

5.     At mediation, Defendant presented its defenses, including that the statute and legislative history supported the exclusion of restricted stock units from the regular rate of pay, just as other forms of equity compensation are excluded, or alternatively that Google's restricted stock unit grants or sign-on bonuses could be excluded as discretionary bonuses.  Both sides acknowledged that no case ever had addressed the issue of whether restricted stock units qualify for exclusion of the regular rate.

6.     While the parties did not settle at mediation, they continued to negotiate with the assistance of mediator Hunter Hughes to ultimately reach a settlement.

7.     According to Defendant's data, there are 6,517 Class Members, 3,274 of whom are in the California Class.

8.     The settlement allocations are based on alleged overtime underpayments calculated using Defendant's data for each FLSA Collective Member for a two-year statutory period, and alleged overtime underpayments for California Class Members for a four-year statutory period.  The PAGA eligible California Class Members also received a pro rata share of the $12,500.00 allotted for PAGA penalties.  A minimum allocation of $50.00 was applied.  For those allocated

more than the $50.00 minimum, Plaintiff estimates their allocation represents approximately 61% of their alleged under-calculated overtime pay for the statutory periods included in the settlement. For those receiving the $50.00 minimum, they received at least 61% of their alleged under-calculated overtime pay.  The average allocation to Class Members is $954.05 and increases to $1,440.53 when the $50.00 minimum allocations are excluded.  The $50,000.00 PAGA allocation is approximately .60% of the maximum settlement amount, with 25% of it allocated to 1,718 eligible California Class Members and the rest to the LWDA.

9.     The alleged undercalculated overtime pay for FLSA Collective Members in a two-year statutory period and California Class Members in a four-year statutory period is $10,083,518.00, exclusive of any liquidated damages and penalties.  Plaintiff estimates that including a third year of FLSA damages reserved for willful violations, FLSA liquidated (double damages), and additional potential California penalties, increases Defendant's potential exposure to approximately $30,071,629.00, as reflected in the chart below:

| Potential Alleged Overtime Damages With Penalties and Liquidated Damages | |
|---|---:|
| FLSA Unpaid Overtime (2 Year Statute of Limitations) - RSU | $ 7,700,677 |
| FLSA Unpaid Overtime (3 Year Statute of Limitations) - RSU | $ 7,137,604 |
| Add'l CA Unpaid Overtime (4 Year Statute of Limitations) - RSU | $ 3,852,138 |
| CA Wage Statement Penalty | $ 722,250 |
| CA Waiting Time Penalty | $ 7,189,616 |
| FLSA Unpaid Overtime (2 Year Statute of Limitations) - Sign-on Bonus | $ 305,877 |
| FLSA Unpaid Overtime (3 Year Statute of Limitations) - Sign-on Bonus | $ 266,297 |
| Add'l CA Unpaid Overtime (4 Year Statute of Limitations)- Sign-on Bonus | $ 180,670 |
| PAGA Overtime Penalty | $ 1,300,400 |
| PAGA Wage Statement Penalty | $ 1,403,200 |
| PAGA Waiting Time Penalty | $ 12,900 |
| **Total Potential Alleged Overtime Damages With Penalties/Liq. Dmgs.** | **$ 30,071,629** |

10.     Nichols Kaster, PLLP has been in existence for nearly fifty years and is focused on advocating for employee and consumer rights.  Nichols Kaster, PLLP is highly qualified and experienced in litigating wage and hour class actions.  The firm's lead counsel, Michele Fisher, is well known for dedicating over 22 years to representing workers in class and collective wage and hour actions across the country.

11.     This settlement provides fair and reasonable monetary relief for Class Members of a disputed issue and Class Counsel is not aware of any putative class members who have expressed an interest in individually pursuing these claims against Defendant.  And, Class Counsel is not aware of any other lawsuits, either individual or as a class, concerning the claims at issue.

12.     Class Counsel handled this case on a contingency basis.  They have not received any payment for their time, nor have they received reimbursement for litigation costs.  Class Counsel undertook the financial risk of unsuccessful litigation against a large corporate Defendant that can afford to litigate the issues for an extended period.  The fees Class Counsel seeks are even less than 25% if considering that Defendant directly, and separately from this settlement, paid an additional $476,868.18 to employees for alleged miscalculated commissions overtime asserted in the Complaint.

13.     Plaintiff also alleged individually that Defendant breached its contract with him when it capped his commissions—a claim which Defendant denied.  The parties separately resolved and dismissed that claim.  Plaintiff also initially alleged that Defendant did not incorporate sales bonuses/commissions into the overtime rate for some employees during two quarters.  But Plaintiff agreed to drop that claim after Defendant demonstrated that stemmed from an inadvertent payroll error and, in approximately May 2022, it directly paid the 70 employees it identified as impacted by the issue, and subsequently paid liquidated damages to those same employees in June 2022, for a total of $476,868.18 paid.

14.     Enclosed are true and correct copies of the following:

Exhibit 1     Settlement Agreement with Exhibits A-F

Exhibit 2     Costs Detail Nichols Kaster, PLLP, and Costs Detail Scalise Law Group, P.C.

Exhibit 3     Nichols Kaster, PLLP Firm Resume

Exhibit 4     Michele R. Fisher Professional Resume

1      Pursuant to 28 U.S.C. § 1746, I declare under penality of perjry that the foregoing is true

2   and correct to the best of my knowledge.

3

4   Dated: January 17, 2023                          **NICHOLS KASTER, PLLP**

5                                                    By:     _s/Michele R. Fisher_

6                                                    Attorneys for Plaintiff and Putative Class and

7                                                    Collective Action Members

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MICHELE FISHER