Daniel S. Brome, CA State Bar No. 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN State Bar No. 303069*
NICHOLS KASTER, PLLP
fisher@nka.com
4700 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 218-6170

Charles Scalise, TX State Bar No. 24064521*
charles@rosslawpc.com
ROSS SCALISE LAW GROUP, P.C.
1104 San Antonio Street
Austin, TX 78701
Telephone: (510) 270-2614
Facsimile: (510) 474-5306

*Admitted *pro hac vice*

*Attorneys Plaintiff and Putative Class and Collective Action Members*
Additional counsel on next page

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Cody Bowlay-Williams, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Google, LLC,<br><br>Defendant. | **Case No. 4:21-cv-09942-PJH**<br><br>**JOINT SUPPLEMENT TO UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Prior Hearing Date: February 9, 2023<br>Time: 1:30 p.m.<br>Judge: Phyllis J. Hamilton<br>         Oakland Courthouse, Courtroom 3<br><br>Complaint filed: December 22, 2021<br>Trial date: None set |

1  Zachary P. Hutton, CA State Bar No. 234737
   zachhutton@paulhastings.com
2  Eric D. Distelburger, CA State Bar No. 330042
   Michelle Erickson, CA State Bar No. 338143
3  michelleerickson@paulhastings.com
   PAUL HASTINGS LLP
4  101 California Street, Forty-Eight Floor
   San Francisco, CA 94111
5  Telephone: (415) 846-7000
   Facsimile: (415) 856-7100
6

7  *Attorneys for Defendant Google LLC*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SUPPLEMENT TO MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

Cody Bowlay-Williams ("Plaintiff"), on behalf of himself and all others similarly situated, seeks preliminary approval of class and collective action settlement reached with Google, LLC ("Defendant"). (Pl.'s Mem., ECF No. 51.) On February 23, 2023, the Court held a preliminary approval hearing via Zoom. (*See* Min. Entry, ECF No. 62.) The Court seeks additional information, including (1) proposed language to appear on the back of the settlement checks, (2) changes to the language for the objection process, and (3) the legal nexus between the proposed *cy pres* recipient and the cause of action. (*See id.*)

## I.  ALTERNATE TO OPTING IN BY CASHING SETTLEMENT CHECKS

The parties' proposed settlement gives FLSA Collective Members the opportunity to join the case to receive payment for their overtime back wages in the settlement by simply cashing their settlement checks. (Pl.'s Mem. 6, ECF No. 51.) The Court questioned whether the proposed settlement process comports with the written consent filing requirement of the FLSA, which provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such an action is brought." 29 U.S.C. § 216(b). It requested that the parties provide proposed language to appear on the back of the settlement checks. (*See* Min. Entry, ECF No. 62.)

To address the Court's concern, the parties agreed to revise the Notice process to require that FLSA Collective Members submit a Consent to Join form to the settlement administrator to opt into the Action and participate in the Settlement, rather than opting in by cashing a settlement check. The parties provide a redline and clean version of the revised proposed FLSA Collective Member Notice as Exhibit B. The Notice provides that FLSA Collective Members must submit the Consent to Join by mail, email, fax, or using a QR code within 60 days of the date the Notice is distributed. (Rev. FLSA Notice, Ex. B.) For those who sign up electronically, they will have the option to indicate how they would like to receive their settlement funds: by mail (default), electronic deposit, or through an app such as Venmo. Attached as Exhibit D, the parties provide the proposed email version of this Notice to FLSA Collective Members, and as Exhibits E and F, a proposed reminder postcard and reminder email to be distributed to those FLSA Collective Members who have not submitted a Consent to Join as of 30 days of the Notice distribution.

## II. OBJECTION PROCESS

The Court asked the parties to revise the proposed Notices to simplify the process for objecting to the settlement, including allowing Class Members to appear at the Court hearing to object to the settlement without providing advance written notice.  (*See* Min. Entry, ECF No. 62.) Proposed revisions are reflected in Exhibits A-F.

## III. *CY PRES*

The Court's Procedural Guidance for Class Action Settlements provides that if the settlement contemplates a *cy pres* award, the parties should explain how the recipient is related to the subject matter of the lawsuit and the class members' claims. *See* *https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/* (last visited March 9, 2023).  The settlement provides Legal Aid at Work as the *cy pres* recipient. (Settlement Agmt. p. 13, ECF No. 51–2.)  Class counsel submit that, as demonstrated by the Declaration of Joan Gaff, the President of Legal Aid at Work, provided as Exhibit F, their work is closely tied to the subject matter of this unpaid overtime lawsuit, as one of areas in which it provides substantial legal services is representing workers related to cases alleging wage and hour violations, such as the failure to pay overtime.

Dated: March 9, 2023

                                         **NICHOLS KASTER, PLLP**

                                         By:     *s/Michele R. Fisher*

                                         Attorney for Plaintiff and Putative Class and Collective Action Members

                                         **PAUL HASTINGS LLP**

                                         By:     *s/Eric D. Distelburger*

                                           Attorney for Defendant Google LLC