IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cody Bowlay-Williams, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Google LLC,<br><br>Defendant. | No. 4:21-cv-09942-PJH<br><br>[~~PROPOSED~~] ORDER:<br><br>(1) PRELIMINARILY APPROVING PROPOSED SETTLEMENT;<br><br>(2) CERTIFYING SETTLEMENT CLASSES;<br><br>(3) APPROVING CLASS NOTICE AND RELATED MATERIALS; AND<br><br>(4) SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT<br><br>Date:  February 23, 2023<br>Time:  1:30 p.m.<br>Judge:  Phyllis J. Hamilton<br>　　　　　Oakland Courthouse, Courtroom 3<br><br>Complaint filed:  December 22, 2021<br>Trial date:  None set |

Plaintiff Cody Bowlay-Williams and Defendant Google LLC's Motion for Preliminary Approval of Class and Collective Action Settlement (the "Motion") came on for hearing before this court on February 23, 2023 at 1:30 p.m. The Court, having considered the proposed Settlement Agreement (the "Settlement"), attached as Exhibit 1 to the Declaration of Michele R. Fisher filed concurrently with the Motion; having considered the Motion, Memorandum of Points and Authorities in support thereof, and supporting declarations filed therewith, and any argument presented at the hearing on the Motion; and good cause appearing, HEREBY ORDERS THE FOLLOWING:

1. The Court GRANTS preliminary approval of the class and collective action settlement as set forth in the Settlement and finds its terms to be within the range of reasonableness of a settlement that ultimately could be granted approval by the Court at a Final Approval Hearing. For purposes of the Settlement only, the Court finds that the proposed settlement classes are

ascertainable and that there is a sufficiently well-defined community of interest among the members of the settlement classes in questions of law and fact. Therefore, for settlement purposes only, the Court grants certification of the following settlement classes, which are defined as follows:

    a.    The California Class: All non-exempt employees of Defendant who worked in California at any time from December 22, 2017 through June 5, 2022, who were awarded restricted stock units that vested at any time during that period and/or who received a sign-on bonus during that period.

    b.    The FLSA Collective: All non-exempt employees of Defendant who worked in the United States, but outside of California, at any time from December 22, 2018 through June 5, 2022, who were awarded restricted stock units that vested at any time during that period and/or who received a sign-on bonus during that period.

2. The Court certifies the California Class solely for purposes of Settlement pursuant to Rule 23, Federal Rules of Civil Procedure, and conditionally certifies the FLSA Collective as a collective action solely for purposes of Settlement, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. For purposes of the Settlement, the Court designates Plaintiff Cody Bowlay-Williams as Class Representative, and designates Michele R. Fisher and Daniel S. Brome of Nichols Kaster, PLLP, and Charles Scalise of Ross Scalise Law Group, P.C. as Class Counsel.

4. The Court designates Atticus Administration as the third-party Settlement Administrator.

5. The Court approves, as to form and content, the Class Notices for California Class Members (Fisher Decl., Ex. A (Dkt. 63-2 at 9–15)) and for FLSA Collective Members (Fisher Decl., Ex. B (Dkt. 63-3 at 9–16)). Exhibit A shall be sent to California Class Members and Exhibit B shall be sent to FLSA Collective Members.

6. The Court finds that the forms of notice to the California Class Members and the FLSA Collective Members regarding the pendency of the action and of the Settlement, and the

methods of giving notice to Class Members, constitute the best notice practicable under the circumstances, and constitute valid, due, and sufficient notice to all Settlement Class members. The form and method of giving notice satisfies the requirements of law and due process.

7. The Court further approves the procedures for California Class Members to opt out of the Settlement, FLSA Collective Members to opt in to the Settlement, and all Class Members to object to the Settlement, as set forth in the Notices.

8. The Court directs the Settlement Administrator to distribute the Class Notices to Class Members in accordance with the terms of the Settlement.

9. The Notice shall provide at least 60 calendar days' notice from the date of initial mailing for California Class Members to opt out, FLSA Collective Members to opt in, or for any members to object to the Settlement, as set forth in the Notices.

10. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement was filed in court, Defendant served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a copy of the pleadings in this action; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packets; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement. The notice of Settlement also invited comment on the Settlement. Accordingly, the Court finds that Defendant has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

11. Defendant also served notice of the Settlement on the California Labor and Workforce Development Agency (the "LWDA") pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699(*l*)(2). The notice of Settlement also invited comment on the Settlement. Accordingly, the Court finds that Defendant has discharged its obligations under PAGA to provide notice.

12. The Final Approval Hearing on the question of whether the Settlement should be finally approved as fair, reasonable, and adequate is scheduled for July 27, 2023, at 1:30 p.m.

1  Counsel for the parties shall file a motion for final approval of the Settlement no later than June 19, 2023.

2. At the Final Approval Hearing, the Court will consider: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate for the Classes; (b) whether a judgment granting final approval of the Settlement should be entered; and (c) whether Plaintiff's application for reasonable attorneys' fees, reimbursement of litigation expenses, and representative payment to Plaintiff, should be granted.

14. An implementation schedule is below:

| Event | Date |
| --- | --- |
| Defendants to provide Class Data to Settlement Administrator no later than [10 days after preliminary approval]: | March 23, 2023 |
| Settlement Administrator to distribute Class Notices to Class Members no later than [14 days after receiving Class Data]: | April 6, 2023 |
| Deadline for Class Members to opt out, FLSA Collective Members to opt in, or for any members to object to the Settlement [60 days after mailing of Class Notices]: | June 5, 2023 |
| Deadline for Parties to jointly file Motion for Final Approval of Class Action Settlement: | June 19, 2023 |
| Final Approval Hearing | July 27, 2023 |

15. Pending the Final Approval Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and this Order, are stayed.

16. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

Dated: March 13, 2023          */s/ Phyllis J. Hamilton*
                               HON. PHYLLIS J. HAMILTON
                               UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT