1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3

4    Cody Bowlay-Williams, individually and on          No. 4:21-cv-09942-PJH
     behalf of others similarly situated,
5                                                       [PROPOSED] ORDER GRANTING
                            Plaintiff,                  FINAL APPROVAL OF
6                                                       SETTLEMENT, GRANTING MOTION
                                                        FOR ATTORNEYS' FEES, COSTS,
7            vs.                                        AND SERVICE PAYMENT, AND
                                                        ENTERING FINAL JUDGMENT, AS
8    Google LLC,                                        MODIFIED BY THE COURT

9                           Defendant.

10                                                      Judge:  Phyllis J. Hamilton
                                                                Oakland Courthouse, Courtroom 3
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On July 27, 2023, Plaintiff Cody Bowlay-Williams and Defendant Google LLC appeared before this Court for Plaintiff's Motion for Final Approval of Class and Collective Action Settlement, and for Plaintiff's Motion for Attorneys' Fees, Costs, and a Service Payment. Dkt. 60. Google does not oppose either motion.

On March 13, 2023, this Court preliminarily approved the parties' class and collective action settlement, approving a Maximum Settlement Amount of $8,369,000.00 ("Preliminary Approval Order"). Dkt. 64. In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the settlement and the opportunity to object to it, to exclude themselves from its provisions, or to opt in to the settlement.

Having received and considered the settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and the final approval hearing on July 27, 2023, the Court grants final approval of the settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.    The following persons are hereby certified as class members for the purpose of entering a settlement in this matter:

- The California Class: All non-exempt employees of Defendant who worked in California at any time from December 22, 2017 through June 5, 2022, who were awarded restricted stock units that vested at any time during that period and/or who received a sign-on bonus during that period.

- The FLSA Collective: All non-exempt employees of Defendant who worked in the United States, but outside of California, at any time from December 22, 2018 through June 5, 2022, who were awarded restricted stock units that vested at any time during that period and/or who received a sign-on bonus during that period.

There are 6,517 individuals eligible to participate in the settlement classes: 3,277 in the California Class and 3,240 in the FLSA Collective.

2. The Court certifies the California Class solely for purposes of Settlement pursuant to Rule 23, Federal Rules of Civil Procedure, and certifies the FLSA Collective as a collective action solely for purposes of Settlement, pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

3. The Court designates Plaintiff Cody Bowlay-Williams as Class Representative, and Michele R. Fisher and Daniel S. Brome of Nichols Kaster, PLLP, and Charles Scalise of Ross Scalise Law Group, P.C. as Class Counsel.

4. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement was filed in court, Defendant served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a copy of the pleadings in this action; a notice of the scheduled judicial hearings in this action; copies of the Notice; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement. The notice of Settlement also invited comment on the Settlement. Accordingly, the Court finds that Defendant has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials.

5. In addition to the notice to the Class and the CAFA notice described above, the California Labor and Workforce Development Agency (the "LWDA") was given timely notice of the Settlement pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699(*l*)(2). The notice of Settlement invited comment on the Settlement. The Court finds and determines that this notice of the Settlement was timely, adequate, and compliant with PAGA.

6. Pursuant to the Preliminary Approval Order, Notices of Proposed Class and Collective Action Settlement and Final Approval Hearing were sent to each Class Member. They informed Class Members of the terms of the Settlement, their respective right to receive a Settlement Share, their right to object to the Settlement, to opt in to the Settlement, or to be excluded from the Settlement and pursue their own remedies, and their right to appear in person

1    or by counsel at the final approval hearing and be heard regarding approval of the Settlement.

2    Adequate periods of time were provided by each of these procedures.

3         7.      No Class Members objected to the Settlement or stated an intent to appear at the

4    final approval hearing.

5         8.      Eighteen of the 3,277 California Class Members (employee identifiers are 989618,

6    950740, 917639, 873624, 813656, 714906, 696486, 696228, 686882, 619767, 614867, 614702,

7    591838, 326024, 230515, 219752, 107044, and 63694) requested exclusion and therefore do not

8    release any of the claims being released by California Class Members, with the exception of any

9    PAGA claim they may have under California Labor Code sections 201-203, 226, 510, 1194, 1198,

10   and 2698 et seq.  For the excluded California Class Members, Defendant shall retain those

11   settlement allocations from the Maximum Settlement Amount, with the exception of their PAGA

12   allocation, if any.  Thus, 3,259 California Class Members did not request exclusion and are

13   participating in the settlement.

14        9.      Of the 3,240 putative FLSA Collective Members, 662 of them submitted a valid

15   Consent to Join form to be included in this action (see employee identifiers in Dkt. 65).  Thus, 662

16   FLSA Collective Action Members are participating in the settlement.  The 2,578 FLSA Collective

17   Members who did not submit a Consent to Join form are not included in this action or the

18   settlement, their rights are not impacted by this case or settlement, and Defendant shall retain those

19   settlement allocations from the Maximum Settlement Amount.

20        10.     There is therefore a total of 3,921 California Class Members who did not request

21   exclusion and FLSA Collective Members who submitted a Consent to Join form ("Settling

22   Plaintiffs").

23        11.     The Court finds and determines that this notice procedure afforded adequate

24   protections to Class Members and provides the basis for the Court to make an informed decision

25   regarding approval of the Settlement based on the responses of Class Members.  The Court finds

26   and determines that the notice provided in this case was the best notice practicable, which satisfied

27   the requirements of law and due process.

28

12.     The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Classes and to each Class Member, and that it is a reasonable compromise of a bona fide despite.  It finds that the Settling Plaintiffs will be bound by the Settlement, as will all California Class Members with respect to the settlement and release of PAGA claims, regardless if they are a Settling Plaintiff, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

13.     The Court finds and determines that the Settlement Shares to be paid to Settling Plaintiffs, to California Class Members in settlement of their PAGA claims, and to the LWDA as provided for by the Settlement, are fair and reasonable, and shall be paid from the Maximum Settlement Amount.

14.     With respect to Class Counsel's request for costs ($16,700.00) and a service award to Plaintiff Bowlay-Williams ($3,000.00), the Court approves of these requests to be paid from the Maximum Settlement Amount.  (*See* Pl.'s Mot. for Atty. Fees, Dkt. 60.)  Based on Class Counsel's representation at the final approval hearing that their costs decreased slightly due to the final approval hearing occurring by Zoom rather than in-person, $16,488.22 shall go to Class Counsel and $211.78 shall be donated to Legal Aid at Work.  The Court finds that the costs requested are reasonable and were incurred while litigating this case on behalf of the group.  The Court also finds that the requested service award of $3,000.00 has been adequately justified and appropriately reflects the named Plaintiff's contributions on behalf of the group, and the risk of reputational harm to benefit the group.

15.     With respect to Class Counsel's request for attorneys' fees, plaintiff seeks fees based on the maximum hypothetical settlement amount that could have been reached under the agreement had all eligible class and collective members participated in the settlement.  But when included in a class action settlement agreement, attorneys' fees provisions, like every other aspect of such agreements, must be "fair, reasonable, and adequate" in order to be approved.  See Fed. R. Civ. P. 23(e); Staton v. Boeing Co., 327 F.3d 938, 963 (9th Cir. 2003).  "The touchstone for determining the reasonableness of attorneys' fees in a class action is the benefit to the class. . . .

What matters most is the result for the class members" in terms of monetary recovery and "meaningful injunctive or nonmonetary relief." Lowery v. Rhapsody Int'l, Inc., No. 22-15162, 2023 WL 4933917, at *2 (9th Cir. Aug. 2, 2023) ("the district court should rigorously evaluate the actual benefit provided to the class and award reasonable attorneys' fees considering that benefit"). When making that assessment, "courts must consider the actual or realistically anticipated benefit to the class—not the maximum or hypothetical amount—in assessing the value of a class action settlement." Id. at *5. "Any other approach would allow parties to concoct a high phantom settlement cap to justify excessive fees, even though class members receive nothing close to that amount. District courts have the responsibility to guard against such an outcome." Id. Specifically, "the district court should disregard the theoretical . . . settlement cap and instead start with the [amount] that the class claimed." Id. ("the district court should have considered the amount of anticipated monetary relief based on the timely submitted claims, rather than the maximum amount that the defendant would have paid if all class members had submitted claims") (internal quotation marks omitted); Kim v. Allison, 8 F.4th 1170, 1181 (9th Cir. 2021) ("When assessing whether the fee award is disproportionate to the class benefit the district court should . . . consider[] the amount of anticipated monetary relief based on the timely submitted claims already made" and may not "assum[e] a 100% claims rate" when considering "the actual amount that [defendant] would pay in cash".). Courts should cross-check percentage-based attorneys' fees calculations against the lodestar. Lowery, 2023 WL 4933917, at *7 ("If the cross-check reveals that a contemplated fee award exceeds 25% of the benefit to the class, the court should take a hard and probing look at the award because this disparity may suggest that the fee amount is unreasonable."); see also In re Bluetooth Headset Prods. Liability Litig., 654 F.3d 935, 944 (9th Cir. 2011); Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002).

Here, plaintiff seeks attorneys' fees based on the maximum hypothetical settlement amount that could have been reached under the agreement had all eligible class and collective members participated in the settlement, but that figure does not represent the benefit to the class in this action. The settlement agreement provides that the amount allocated to eligible collective members who do not participate in the settlement shall be returned to Google. See Settlement

Agreement ¶ III.F.9, Dkt. 51-2; <u>Lowery</u>, 2023 WL 4933917, at *6 (defendant "is not liable for any 'sum certain' but only for the claims submitted"); <u>cf.</u> <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472 (1980).  Given the 20% opt-in rate for the FLSA collective and the fact that Google will retain the amount allocated to non-participating members, the court declines plaintiff's request to award fees as a percentage of an amount that would include funds retained by defendant.

Instead, the court approves attorneys' fees totaling 25% of the total settlement fund that will benefit the class.  The settlement amount that benefits the class is comprised of money that will be distributed to the class including the named plaintiff service award and PAGA payment ($5,424,560.02), payment to the LWDA ($37,500), costs of litigation ($16,488.22), and the contingency fund and donation amount ($5,211.78).

In total, this $5,483,760.02 figure comprises the primary benefit to the class.  The court has not identified (nor has plaintiff argued) any valuable nonmonetary or injunctive relief that would benefit the class but is not easily monetized, thereby justifying increasing the baseline of the 25% award.  To the extent plaintiff approaches such an argument, he argues that wage and hour cases justify large awards to encourage attorneys to bring such cases in future, but those considerations do not concern the settling class in this action (or even those particularly similarly situated)—and the fees award in this case is large enough in relation to the lodestar to accomplish that objective in any event.

Hence, the attorneys' fees awarded shall equal 25% of defendant's actual payment to resolve this action with the classes.  Defendant's total payment (which excludes amounts retained by defendant attributable to those who failed to opt-in) is $7,311,680.03, 25% of which constitutes the attorneys' fee award of $1,827,920.01.

The court finds that awarding fees at the benchmark percentage of 25% is justified by the results obtained in this settlement, the benefit ultimately provided to the Class, and counsel's work and skill that led to this result.  It is also justified by the risk Class Counsel took in pursuing this novel claim against a large corporation.  Additionally, the lodestar in the action totaled approximately $329,966.50 (Pl. Mot. Final Approval, Dkt. 65 at 6), thus this award amounts to

5.5 times the lodestar calculation, which is high but justified for the reasons stated above and argued by plaintiff.

For these reasons, the court determines that awarding attorneys' fees in the amount of 25% of the benefit to the class is appropriate (the same percentage, although a lesser amount, that was requested in plaintiff's February 16, 2023 motion for fees), and that the procedures necessary to increase the percentage of the fee award are not warranted in this action. Notably, the deadline for class members to object to an amended fees motion need not be extended. Cf. In re Mercury Interactive Corp. Sec. Litig., 618 F.3d 988, 993 (9th Cir. 2010) (Fed. R. Civ. P. 23(h) "requires a district court to set the deadline for objections to counsel's fee request on a date after the motion and documents supporting it have been filed").

16.    Within 60 days, Defendant shall transfer the settlement funds to the settlement administrator via wire transfer. Within 14 days thereafter, the settlement administrator will pay to Settling Plaintiffs and to California Class Members for their share of the PAGA Allocation the Settlement Shares (including all PAGA allocations regardless of any request for exclusion); to Plaintiff, his Settlement Share and the Class Representative Payment; to Class Counsel the Class Counsel Fees and Expenses Payment as outlined above; and to the LWDA the LWDA Payment.

17.    The settlement checks will be void after 90 days of issuance, however reissuance of lost or destroyed checks shall be permitted upon request during that period.

18.    If uncashed settlement checks for California Class Members amount to more than $60,000, those funds will be redistributed pro rata based on Settlement Shares to Settling California Class Members who timely cashed their settlement checks during the original check cashing period.

19.    The Court orders that if any funds remain from the $5,000.00 contingency fund, from uncashed checks to California Class Members if a redistribution is not required, from uncashed checks to California Class Members after a redistribution, or from uncashed checks to Settling FLSA Collective Members, that money shall be donated to Legal Aid at Work.

20.    Defendant shall be separately responsible for payment of settlement administration to the settlement administrator.

21.     Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

22.     Upon completion of administration of the settlement, the settlement administrator will provide written certification of such completion to the Court and counsel for the parties.

23.     The Court finds that in consideration of Plaintiff's awarded Class Representative Payment, Plaintiff's Settlement Share, and the other terms and conditions of the settlement, as of the date the settlement becomes Final, except as provided below, Plaintiff releases any and all known and unknown claims against Google and any of its past and present owners(s), officers, directors, managers, insurers, and attorneys, and waives the protection of California Civil Code section 1542

24.     The Court finds that in consideration for their awarded Settlement Shares, as of the date the settlement becomes Final, the 3,259 Settling California Class Members release all federal, state, municipal, and local law claims for overtime due based on not including sign-on bonuses in the regular rate, and overtime due based on not including restricted stock units in the regular rate, along with liquidated damages, penalties, attorneys' fees, and costs on those claims, against Defendant (including its past and present owners(s), officers, directors, managers, insurers, and attorneys) from December 22, 2017 through March 13, 2023.  In relation to the claims released above, the release will waive and release all claims for failure to provide accurate itemized wage statements, failure to timely pay wages, and claims brought under California Labor Code sections 201-203, 226, 510, 1194, 1198 and California Business and Professions Code sections 17200 et seq., the Industrial Welfare Commission Wage Orders, the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., and any other related federal, state or municipal law. In addition, all California Class Members, regardless of whether they opt-out of the Settlement, release any and all PAGA Claims for civil penalties related to the released claims, including claims under California Labor Code sections 201-203, 226, 510, 1194, 1198, and 2698 et seq.

25.     The Court finds that in consideration for their awarded Settlement Shares, as of the date the Settlement becomes Final, the 662 Settling FLSA Collective Members release all federal,

9

state, municipal, and local law claims, including claims under the FLSA, for overtime due based on not including sign-on bonuses in the regular rate, and overtime due based on not including restricted stock units in the regular rate, along with liquidated damages, penalties, attorneys' fees, and costs on those claims, against Defendant (including its past and present owners(s), officers, directors, managers, insurers, and attorneys) from December 22, 2018 through March 13, 2023.

26.     The parties are hereby ordered to comply with the terms of the Settlement.

27.     The parties shall bear his, her, its, or their own respective attorneys' fees and costs except as otherwise provided in the Settlement.

IT IS SO ORDERED.

Dated:  August 8, 2023

_____

HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE